**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4019**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

ELIJAH JUNIOR SIMS,

                    Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.    Robert J. Conrad, Jr., Chief District Judge.   (3:05-CR-00340)

Submitted:  November 3, 2008        Decided:  December 9, 2008

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Tolly A. Kennon, III, KENNON & ASSOCIATES, Charlotte, North Carolina, for Appellant.  Gretchen C.F. Shappert, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elijah Junior Sims was charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006), and one count of possession with intent to distribute five grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 841 (2006). On February 3, 2006, Sims filed a motion to continue his trial based on supplemental discovery received from the Government, including Federal Rules of Evidence 404(b) evidence. The district court denied Sims' motion on February 3, 2006. Sims next filed a motion to suppress all evidence from his April 26, 2005, arrest. The district court also denied this motion, and Sims appeared for a jury trial on February 15, 2006. Following a two-day trial, Sims was convicted of both counts and sentenced to the statutory mandatory minimum of ten years on each count, to run concurrently. Sims timely noted an appeal.

On appeal, Sims first complains that the district court erred in denying his motion for a continuance. This court reviews a district court's denial of a motion for a continuance for abuse of discretion. United States v. Williams, 445 F.3d 724, 738-39 (4th Cir. 2006). Even if a defendant demonstrates that the district court abused its discretion in denying a motion for a continuance, "the defendant must show that the error specifically prejudiced [his or] her case in order to

2

prevail." United States v. Hedgepeth, 418 F.3d 411, 419 (4th Cir. 2005).

Sims fails to establish on appeal how the denial of his motion for a continuance affected the outcome of his trial. Sims asserts that the denial prevented him from investigating the Government's Rule 404(b) evidence, but he fails to demonstrate specifically how investigating the Rule 404(b) evidence would have altered the outcome of his trial, particularly in light of the overwhelming evidence of his guilt. Accordingly, Sims' claim is without merit.

Sims next asserts the district court erred in denying his suppression motion. The Fourth Amendment protects citizens against unreasonable searches and seizures. U.S. Const. amend. IV. It is well settled under the Fourth Amendment "that a search conducted without a warrant issued upon probable cause is per se unreasonable subject to only a few specifically established and well-delineated exceptions." Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973) (internal quotations omitted). The first such exception includes a search that falls within the scope of a citizen's consent. United States v. Lattimore, 87 F.3d 647, 650 (4th Cir. 1996). The warrant requirement also does not apply to a search incident to an arrest. United States v. Robinson, 414 U.S. 218, 224 (1973);

United States v. Currence, 446 F.3d 554, 556 (4th Cir. 2006) (citing Chimel v. California, 395 U.S. 752, 763 (1969)).

In addition, in the context of investigatory detentions, the Supreme Court has held that, consistent with the Fourth Amendment, police officers may conduct an investigatory stop and a pat-down search of an individual for weapons if officers have reasonable suspicion that criminal activity may be afoot. Terry v. Ohio, 392 U.S. 1, 31 (1968); see Illinois v. Wardlow, 528 U.S. 119, 123 (2000). Such an investigatory stop must be based on "at least a minimal level of objective justification," but the standard for reasonable suspicion is less demanding than for probable cause. Wardlow, 528 U.S. at 123.

In assessing whether officers had a reasonable suspicion of criminal activity, we must consider the totality of the circumstances surrounding the seizure. United States v. Sprinkle, 106 F.3d 613, 618 (4th Cir. 1997) (quoting United States v. Sokolow, 490 U.S. 1 (1989) (internal quotations omitted). "Reasonable suspicion is a commonsensical proposition. Courts are not remiss in crediting the practical experience of officers who observe on a daily basis what transpires on the streets." United States v. Lender, 985 F.2d 151, 154 (4th Cir. 1993). In assessing whether reasonable suspicion existed, the facts, whether seemingly innocent or

obviously incriminating, are to "be assessed in light of their effect on the respective officer's perception of the situation at hand." United States v. McCoy, 513 F.3d 405, 414 (4th Cir. 2008).

The events out of which the charges arose occurred on April 26, 2005. On that date, Charlotte-Mecklenburg Police Officer Marianne Baltimore received information that Alex Gibson dealt crack cocaine from an address on Dakota Street and that every day his supplier would arrive in an SUV between 3:00 p.m. and 6:00 p.m. Officers Baltimore, Jonathan Tobbe, Gerald Holas, and Shawn Crooks proceeded to the Dakota Street address. Upon arriving at approximately 4:30 p.m., Baltimore and Tobbe observed an SUV in front of the address. The officers ran the license plate on the SUV and discovered that the vehicle was registered to Sims, whom Holas knew was involved in drug dealing. Armed with this information, Crooks approached Sims and asked him to step out of the vehicle. As Sims did so, he volunteered in response to Crooks' inquiry whether there were any guns in the car that he had a 9 mm handgun in the glovebox. At the moment Crooks asked Sims to get out of the vehicle, Crooks had reasonable, articulable suspicion that Sims might have been engaged in criminal activity. See Sokolow, 490 U.S. at 7; McCoy, 513 F.3d at 414.

5

The officers received Sims' consent to search his person and vehicle. Because the searches of Sims and his SUV occurred with Sims' consent, the Fourth Amendment warrant requirement was inapplicable. Lattimore, 87 F.3d at 650. When the search of Sims' person and SUV did not yield any narcotics, Tobbe obtained Sims' consent to conduct a more thorough search of Sims' person because Tobbe believed Sims had drugs concealed under an Ace bandage wrapped around his midsection. After Sims revoked his consent to search his person, Crooks properly arrested him for being a felon in possession of a firearm. Crooks ultimately discovered Sims' crack cocaine in a search incident to Sims' arrest. United States v. Currence, 446 F.3d 554, 557 (4th Cir. 2006). Accordingly, the district court did not err in denying Sims' motion to suppress.

Sims' final argument is that the district court erred in admitting evidence from events that occurred on July 20, 2005, and August 1, 2005, several months after the charged offense. On those dates, officers again discovered Sims with crack cocaine concealed under an Ace bandage wrapped around his midsection. Decisions regarding the admission or exclusion of evidence are left to the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. United States v. Russell, 971 F.2d 1098, 1104 (4th Cir. 1992). We have reviewed the record and conclude the district court did

6

not abuse its discretion in admitting the complained of evidence.

Finally, Sims has filed a motion to vacate his convictions. He asserts that three years after the events giving rises to his convictions, Officer Holas was himself charged with and pled guilty to conspiracy to possess with intent to distribute crack cocaine. Sims does not allege, however, that Holas' testimony at Sims' trial was in any way false or misleading. Accordingly, we deny Sims' motion.

We affirm the judgment of the district court. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7